Good morning. May it please the Court, my name is Patience Milrod. I represent the petitioner and appellant in this matter, Johnny Ramey. Preliminarily, I would like to bring to the Court's attention, with my apologies, a couple of missing citations to the excerpts of record. At page 3 of my opening brief, in footnote 2, those 3 X's should have been replaced with 170, page 170 of the excerpts of record. At page 8 of my opening brief, in footnote 4, the missing pages, which are designated with 3 X's, should be 1013 to 1020. This second reference is particularly important because it is the declaration of Robert Spertus, who was the State Appellate Counsel for my client in the original proceedings in State court. And it's his declaration about why it is his belief that there was prima facie ineffective assistance of counsel by trial counsel in my client's underlying case. And therefore, I commend that to the Court, and I would – I do apologize that I was – I overlooked it when I was finalizing my brief. But we still have the problem about whether the AEDPA deadline was May 30th, 1997, and therefore made the Federal habeas filing on September 16th, 1998, too late. Absolutely. There are several issues we haven't addressed yet. If I might be permitted to start with the uncertified issue, which is whether or not – Uncertified issue. Yes. The Court has before it two issues, one certified and one is uncertified. And I just want to take a minute because I think it's simpler. All right. It's our contention that the State waived its timeliness objection. They filed a motion to dismiss on timeliness. It was denied. They subsequently filed an answer. They asserted timeliness again. But then when they again filed a dismissal motion, they entirely omitted to mention the supposed defense of timeliness. Timeliness is a waivable defense, and it is our position that the State waived it. Even if they didn't waive it, the law of the case required that if the Court was going to diametrically, 180 degrees, do something different from what it had done before, which was find that the – to find that the timeliness – that the petition had been timely filed, the Court were going to do – change its mind about that. It would need to find extraordinary circumstances or that its prior decision had been clearly erroneous. There had been an intervening change in the law or there was substantially different evidence. It would have had to go through the process of changing the law of the case, which it did not do. Did you request a COA at the district court? I was not appointed until this Court issued a COA and appointed me to represent my client. No, I mean with respect to the uncertified issue. No. You didn't apply there and you were – did you apply here and were denied? No. The Court hasn't ruled on my request, which is incorporated in my opening brief at the end. Okay. So it's our petition – our position that this is – that the State has no business here asserting a timeliness issue. But if the Court were to disagree with us about that, then that brings us to the certified issue, which is the question of AEDPA statute of limitations and whether or not under Gaston there is interval tolling that would – that left my client's essential claims pending before the State courts until the district court – until he filed his district court petition timely in 1998. We – I will not recite for the Court because it's a little bit tedious, you know, which petition got filed when and whatnot, but I do point out that the – under Gaston, and we – we proceed – or no, I didn't. I wasn't representing this gentleman at this time. But he did proceed through the superior court, much to Judge Henry's frustration because he filed quite a number of petitions in superior court. Then he went from there to the Fifth District Court of Appeal, where all of his petitions were denied, and then he went from there to the Supreme Court. He had a Supreme Court petition pending, I believe, at the time he filed his district court petition in September of 1998. Right? His fourth Supreme Court petition had been filed in May of 1998. It was denied after he filed his district court petition. He filed a total of 17 State habeas petitions. Is that right? He filed eight in the superior court. He filed – that's probably – I didn't count them all together. Importantly, the – the delays between his petitions were far shorter than the delay in Gaston, which, as I recall, was some 400-and-something days. The longest delay in this case was 119 days. None of his petitions were found to be untimely, although Judge Henry did note in dictum that he – it's possible to dismiss a petition for untimeliness or – what did he say? Untimely – successive or – and or – successive and or untimely petitions may be dismissed inside the Supreme Court precedent. As we know from both Saffold and Gaston, the State court's failure to find a petition late or untimely is at best ambiguous. It can be construed as a ruling on the merits, which is actually how this Court in Gaston interpreted it. Why would the Court have considered it at all if it were untimely? And therefore, by the time my client gets to the district court, his – yes, it's What's your argument on when the AEDPA statute actually run? What date would you rely on for that? I see that in my brief I made a concession, which I would like to withdraw at this time, in light of Gaston, if the Court will permit it. The – it's our view that the statute ran from the date AEDPA was enacted in April of 1996 to February 7th of 1997, which was the time he filed – Mr. Ramey filed his first post-AEDPA State petition. And there hadn't been one pending up until that point. So it's our view that 287 days of his statute had run. But once he filed his first State petition, then he was – he – there were matters that were in continuance and had not yet been decided within the meaning of Saffold up until he filed his Federal petition. Does that answer the Court's question? If the Court concludes for some reason that the State has not waived its timeliness defense and that there's a tolling problem, then we would ask the Court to consider the possibility of equitable tolling. We are aware that this is a high standard to meet. This case differs significantly from Gaston. In Gaston, there was a well-developed factual record on the basis of which the magistrate could recommend and the district court find that the problems that the Petitioner in that case had were not sufficient to constitute a reason for finding equitable tolling in that matter. In our case, we do not have a factually developed record. We also, in Gaston, had somebody who insisted on representing himself, and in my case, my client passionately wished to not represent himself. In the record, there are four requests for counsel. If this Court were to send a message to the district courts that they should appoint counsel earlier, maybe you would see fewer of these cases. But since that didn't happen in this case, it's – it would be unfair to punish Mr. Ramey for an inadequate factual record in the district court on this issue. There's an additional factual issue, and that is, who prepared these petitions in Gaston? The Court found, well, you could file a petition here, you could file a petition at this time and at that time, and therefore, we're finding that he was capable of representing himself. Nobody on this record can say with any confidence what actually happened, whether my client filed any of this paperwork himself or not, or whether he filed it himself or not. He filed so many petitions, how could you say he was mentally incompetent to file a petition within the statutory time? Well, the question being whether or not he understood there was a statutory time and he understood what his obligations were, it appeared from my reading and, of course, I defer ultimately to the Court, it appeared from my reading of the My guess would be that he was saving cartons of cigarettes to pay some jailhouse lawyer to help him out with this, but we don't have a record on that subject. Is there an allegation of how the conditions of his mental incompetency caused him to be unable to file the habeas? That is our assertion, Your Honor, yes. But where's the allegation? The allegation was not made in the district court, and that is why we're here. The question here before this Court is whether or not my client has – is out of court because – and actually, my client did allege equitable tolling in the district court. I take that back. I apologize. But not tying mental incompetency to his inability to file a petition? I believe he did. Well, that's why I'm asking you where it is. If he did. Where is it in your petition? I'll find it. I couldn't find it. Well, we'll look at the petition, and we'll make that judgment, Counsel. Thank you. Your time has expired. We'll now hear from the State. Twenty-five seconds. No? No. I'm sorry. We gave you 28 seconds too much. That's fine. Here's the Court. Justin Riley on behalf of the State. Thank you, Mr. Riley. Petitioner filed eight consecutive petitions in the State Superior Court. As the State Superior Court held, these petitions were successive and constituted abuse of the writ. Petitioner's first filing that told the statute of limitations, I guess is in some flux now, given the concession was requested to be withdrawn, was his fourth. I believe that the third petition that he filed didn't even attack the instant conviction, so it can't be – it can't hold the statute of limitations. It didn't attack the right conviction. It just – it wasn't in the same case, basically. Well, now, what does Gaston do to the State's position here? We believe that Gaston is wrongly decided and is not – Well, that's nice, but we're sitting as a court that has to follow precedent. Absolutely. It's not binding on this Court because it's contrary to both Supreme Court precedent and numerous decisions of this Court requiring – No, wait a minute. It is binding. If it's a – if it's a duly issued decision of a panel of this Court, isn't it binding on this panel, in this case, right now? If it's contrary to Supreme Court precedent? Well – After Gaston, there was a Supreme Court case – Not after. That's true. You just don't like the Gaston case, and maybe you've got a good argument. But the problem is that it's – it is the law of the circuit at this moment. Fortunately, I can – Of course, you also have PFRs, and you also have the potential of an in-bank rehearing, but that's not before us. Fortunately, Gaston can be distinguished here, and that is my argument. That's a better argument. Yeah. Thanks. Gaston begins its analysis affording its version of tolling at page 1011 of the opinion. On that page, it states that the State may summarily deny a successive petition. The State did so – the State did not do so in Gaston, and this Court decided the case in part upon that failure. Here, a summary denial based on successive petitions, and at least once on timeliness grounds, occurred at each of the relevant petitions. As such, Gaston tolling is not available. The – if I can point you to page numbers. Starting at about 280 of the excerpts of record, appellant has included his petitions. And following each petition is the State court's denial of that petition. You'll find that in each of these – each of these relevant petitions, there's one court of appeal decision that only attacks conditions of confinement. So that particular denial of the petition did not address successive petitions. But in each of the petitions that purport to attack his conviction, the validity of his conviction, the order denying that petition referenced the successive petition bar and summarily denied the petition. So here we have that which did not occur in Gaston. Excuse me. Quite a few papers up here. As for equitable tolling, I would add here again that the appellant is misapplying the causation standard. Once again, it's not whether or not the mental incompetence or the allegation of mental incompetence is interfering with the ability to understand AEDPA. I don't think that that has ever been found by any court. It's whether or not the mental incompetence hinders him from timely filing a petition. Now, the evidence shows that within almost immediate succession, he was filing numerous petitions, and even evidence of his mental competence is the fact that the findings and recommendations – one of the findings and recommendations by the district court came out against him, and he successfully appealed that order and had it overturned by the reviewing district court judge. I don't imagine that's very easy to do, even for seasoned attorneys. Given this Court's view of uncertified issues, I am prepared to submit on that particular issue, unless the Court has any questions. I did provide a brief analysis of – on the merits. Thank you, counsel. The Court has addressed that issue, and I'm prepared to submit, if there are any questions. Very well. Thank you very much. The case just argued will be submitted for decision, and the Court will take its morning recess. Quiet. Quiet. Quiet. Quiet. Quiet.   Quiet. Quiet.
judges: O'scannlain, Cowen, Bea